

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRYONE LEE BURLESON, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:16-CV-0239 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to an August 2, 2013 judgment out of the 140th Judicial District Court of Lubbock County, Texas. Such judgment was entered upon petitioner's convictions for the offenses of aggravated assault with a deadly weapon and aggravated assault – bodily injury with a deadly weapon, and the concurrent 99-year sentences assessed for each count. *See State v. Burleson*, No. 2013-439137. By his federal habeas application, petitioner challenges a prison disciplinary proceedings conducted at the Clements Unit in Potter County, Texas on August 5, 2016. *See* Disciplinary No. 20160363658. In his habeas application, in response to Question 15 on page 5, petitioner avers his original convictions did <u>not</u> contain a finding that he used or exhibited a deadly weapon. In response to Question 16 on page 5, petitioner avers he <u>is</u> eligible for release

HAB54\DISCIP\R&R\BURLESON-239.DNY-INEL.wpd:1

on mandatory supervision.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to two (2) aggravated assault with a deadly weapon offenses, and that his projected release date is his maximum sentence date. By her answer respondent has submitted Commitment Inquiries reflecting petitioner is incarcerated pursuant to two (2) aggravated assault with a deadly weapon offenses, and confirming petitioner is not eligible for mandatory supervised release.

The mandatory supervision statute in effect when petitioner committed his aggravated assault with a deadly weapon offenses on November 2, 2011 stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of" the offense of aggravated assault. Texas Gov't Code § 508.149(a)(7) (2015). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner TRYONE LEE BURLESON be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2 7th day of April 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).